CARY B. COLAIANNI
BOISE CITY ATTORNEY

SCOTT B. MUIR
Assistant City Attorney
BOISE CITY ATTORNEY'S OFFICE
150 N. Capitol Blvd.
P.O. Box 500
Boise, ID 83701-0500
Telephone: (208)384-3870
Facsimile: (208)384-4454
Idaho State Bar No. 4229
Email: BoiseCityAttorney@cityofboise.org

Attorney for City of Boise

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF BOISE<br><br>Plaintiff,<br><br>v.<br><br>FRANCOIS R. JUSTICE-DURHAM,<br><br>Defendant. | Case No. CV 07-00249-S-BLW<br><br>**REQUEST FOR SUMMARY REMAND** |

## BACKGROUND

This matter comes before this Court pursuant to a *pro se* Notice of Removal filed June 18, 2007, by Francois R. Justice-Durham, who is attempting to remove state court proceedings on a speeding ticket.

## DISCUSSION

### A.  Basis for Removal.

Simply put, a speeding ticket is not removable from the state court under federal law.

In his Notice of Removal, Mr. Justice-Durham claims a violation of his constitutionally protected right, i.e. his right to drive. No such right exists. Driving in Idaho is a *privilege* governed by statute, specifically Idaho Code Title 49, Chapter 3. According to Idaho Code § 49-301(1), "[n]o person ... shall drive any motor vehicle upon a highway unless the person has a valid Idaho driver's license." As with any privilege, the driving privilege may be suspended, disqualified or revoked as set forth in Idaho Code § 49-326. There is no basis for removal of a speeding ticket to federal court, and the case must be summarily remanded to the state court.

The removal of a criminal case to federal court must fall under one of three statutes -- 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443. Mr. Justice-Durham relies upon 28 U.S.C. § 1443, which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

In *Georgia v. Rachel*, the United States Supreme Court determined that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for

specific civil rights stated in terms of *racial equality*." (emphasis added.) *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). Nothing in Mr. Justice-Durham's Notice of Removal suggests a violation of civil rights based on *racial equality*. Thus, Mr. Justice-Durham's criminal action is not removable pursuant to § 1443 subsection (1).

Neither does the Notice of Removal fall under 28 U.S.C. § 1443(2) since that subsection has been limited to enforcement activity by *federal* officers. *Johnson,* 976 F.Supp. at 817.

Based on the above, a speeding ticket is not removable to this Court and must be summarily remanded.

### B.  Notice of Removal Was Not Filed Timely.

The Notice of Removal and its attached exhibits show that Mr. Justice-Durham was cited on February 15, 2007, with an Idaho Uniform Citation for speeding under Idaho Code § 49-654(2). According to the citation, Mr. Justice-Durham was to appear in court between March 1 and March 8, 2007. Mr. Justice-Durham made his first appearance on March 14, 2007, and pled not guilty. On May 15, 2007, Mr. Justice-Durham changed his plea to guilty and was sentenced to a fine and costs of $62.00

Pursuant to 28 U.S.C. § 1446(c)(1),

> A notice of removal of a criminal prosecution shall be filed no later than thirty days after the arraignment in the State court, or at any time before trial, *whichever is earlier.* (emphasis added)

Mr. Justice-Durham's first appearance/arraignment was March 14, 2007, after which he pled guilty on May 15, 2007. The March date started the calculation of the 30-day deadline noted in the statute since it is the earlier date. Mr. Justice-Durham attempts to use May 21, 2007,

REQUEST FOR SUMMARY REMAND - 3

as the date from which to calculate his deadline. However, the statute is clear that the time runs 30 days after his first appearance/arraignment which is the March 14th date. Because the notice of removal was not filed until June 18, 2007, some three months after his first appearance/arraignment, the notice of removal was untimely filed and should not be permitted. *State of Iowa v. Johnson*, 976 F.Supp. 812, 815 (N.D. Iowa 1997) (court concluded that untimeliness flaw means that removal of action should not be permitted).

### C. Exception to Timeliness Requirement.

An exception of the timeliness requirement allows a court to enter an order granting leave to file a notice of removal at a later time if the defendant establishes good cause. 28 U.S.C. § 1446(c)(1). To meet the exception, the defendant must have requested leave from the court *before* filing the notice of removal. *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993). Mr. Justice-Durham in this case did not request leave to file an untimely notice of removal before he filed the notice of June 18, 2007.

Mr. Justice-Durham appears *pro se* in this case. His status as *pro se,* however, does not justify the lateness of the filing. He still must comply with the federal rules and statutes. *Johnson*, 976 F.Supp. 812, 815 (N.D. Iowa 1997), citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (*pro se* status does not "excuse [a party] from complying . . . with the Federal Rules of Civil Procedure.")

### CONCLUSION

The Notice of Removal filed by Mr. Justice-Durham is not permitted under the above-cited case law. The appropriate course when an action is not removable is remand to the state

court. *Johnson*, 976 F.Supp. at 818; 28 U.S.C. § 1446(c)(4) and 28 U.S.C. § 1447(c). The City of Boise requests this Court summarily remand the action to the State court.

DATED this _11th_ day of September, 2007.

_____
SCOTT B. MUIR
Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the _11th_ day of September, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the foregoing on non-CM/ECF registered participants in the manner indicated:

Francois R. Justice-Durham
1708 N. 19th St.
Boise, ID 83702
*Pro Se*

☑ U.S. Mail
☐ Personal Delivery
☐ Facsimile
☐ Other: _____

_____
SCOTT B. MUIR
Assistant City Attorney